UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDELL FISHER,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*<br><br>    Defendant. | Civil Action No. 14-1622 (BAH)<br><br>Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The plaintiff, Randell Fisher, brought this action against the Acting Commissioner of Social Security, seeking to reverse an Administrative Law Judge's ("ALJ") decision that he was not disabled within the meaning of the Social Security Act from April 15, 2008 through September 30, 2009. This case was randomly referred to a Magistrate Judge for full case management. *See* Order, ECF No. 4. Thereafter, the defendant lodged the administrative record, Administrative Record, ECF No. 10, the plaintiff moved for Judgment of Reversal ("Pl.'s Mot."), ECF No. 13, and the defendant moved for Judgment of Affirmance ("Def.'s Mot."), ECF No. 14. On October 2, 2015, the Magistrate Judge issued a report and recommendation, which recommended that the plaintiff's motion be denied and the defendant's motion be granted. Report and Recommendation ("R&R") at 24, ECF No. 16.

District courts "'must uphold the [Commissioner's] determination if it is supported by substantial evidence and is not tainted by an error of law.'" *Id.* at 5 (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)) (alteration in the original). The plaintiff challenges the ALJ's decision based on five grounds, all of which were rejected in the R&R. Specifically, the R&R concluded that: (1) No contradiction is presented by the ALJ's denial of disability benefits

for an earlier period and an award of benefits for a subsequent period of time, *id.* at 17; (2) the ALJ, in fact, considered the plaintiff's testimony and only discounted portions that are not entirely credible "in light of the record medical evidence and treatment notes," *id.* at 19; (3) the ALJ included limitations relating to the plaintiff's neck and spine by limiting the plaintiff to light work, light pushing and pulling, no overhead reaching and no lifting or carrying above the shoulder level, *id.*; (4) the ALJ correctly declined to give controlling weight to the plaintiff's treating physician's opinions when they were inconsistent with the physician's own notes on the record, *id.* at 20–21; and, lastly, (5) the ALJ correctly discounted the weight of the consulting physician's opinions where his conclusions were belied by his own observations, *id.* at 22–23. Consequently, the R&R recommended that the plaintiff's Motion for Judgment of Reversal be denied and the defendant's Motion for Judgment of Affirmance be granted. *Id.* at 23.

The R&R cautioned the parties that failure to file a timely objection within 14 days of the parties' receipt of the R&R could result in their waiving the right to appeal an order of the District Court adopting the recommendations. *See id.* at 24. No objection to the R&R has been timely filed, and the time to file such an objection has lapsed. *See* Local Civil Rule 72.3(b). Thus, any objections are deemed waived. *See, e.g.*, *Thomas v. Arn*, 474 U.S. 140, 149–55 (1985).

The Court, upon independent consideration of the pending motion and the entire record herein, concurs with the recommendations made in the R&R. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation, ECF No. 16, is ADOPTED in full; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the plaintiff's Motion for Judgment of Reversal, ECF No. 13, is DENIED; and it is further

**ORDERED** that, for the reasons stated in the Report and Recommendation, the defendant's Motion for Judgment of Affirmance, ECF No. 14, is GRANTED.

**SO ORDERED.**

*This is a final appealable order.*

Date: October 26, 2015

_____
BERYL A. HOWELL
United States District Judge